UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

David W. Lynas, as Trustee for the next-of kin of
James C. Lynas,

Civ. No. 18-2301 (JRT/KMM)

Plaintiff,

v.

**ORDER APPROVING PETITION FOR SETTLEMENT DISTRIBUTION**

Linda S. Stang, *et al.*,

Defendants.

_____

This matter is before the Court on Plaintiff's Petition for Approval of Settlement Distribution (Docket No. 123). Having carefully considered the Petition and based upon all the files, records, and proceedings herein, **IT IS ORDERED**:

1. The Petition (Docket No. ___) and the distribution proposed therein are **APPROVED**;

2. Distribution of the $2,300,000.00 settlement proceeds shall be made as follows:

    a. $1,112,604.69 to Robins Kaplan LLP for attorneys' fees and costs;

    b. $126,197.66 to James Lynas's father, David W. Lynas;

    c. $126,197.65 to James Lynas's mother, Jeri Ann Holmberg;

    d. $50,000.00 to James Lynas's half-sister, Charity Anne Brown f/k/a Shaffer; and

    e. $885,000.00 to USAA Annuity Services Corporation by MEnD's insurer Ironshore Specialty Insurance Company ("Ironshore") to fund

a structured settlement annuity that will provide future periodic payments, as follows:

PAYEE: David Walter Lynas FBO Nevaeh M. Lynas

$690.00 per month for seven (7) years and six (6) months (90 payments) guaranteed, commencing 3/1/2021, with the last guaranteed payment on 8/1/2028.

PAYEE: Nevaeh M. Lynas

$3,298.82 per month for seven (7) years (84 payments) guaranteed, commencing 8/18/2028, with the last guaranteed payment on 7/18/2035;
$100,000.00 guaranteed lump sum payment on 8/18/2034;
$150,000.00 guaranteed lump sum payment on 8/18/2037;
$200,000.00 guaranteed lump sum payment on 8/18/2040;
$250,000.00 guaranteed lump sum payment on 8/18/2042; and
$300,000.00 guaranteed lump sum payment on 8/18/2045.

Any payments to be made after the death of Nevaeh M. Lynas shall be made to David Walter Lynas (primary beneficiary), if living, otherwise to Jeri Ann Holmberg (contingent beneficiary), if living, otherwise to Charity Anne Brown (tertiary beneficiary), if living, or to such person or entity as shall be designated in writing by Nevaeh M. Lynas, upon reaching the age of majority.

No payee shall have the right or power to sell, mortgage, encumber, or anticipate the periodic payments provided for above or any part thereof, by assignment or otherwise.

The obligation to make the periodic payments described herein will be assigned by Ironshore under the meaning of IRC Sec. 130, to USAA Annuity Services Corporation (the "Assignee") and funded by an annuity contract issued by USAA Life Insurance Company (the "Annuity Issuer").

Dated: December ___, 2020     _____
                                              JOHN R. TUNHEIM
                                              Chief United States District Judge

91140467.1